```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**MICHAEL EVANS**                                           **PLAINTIFF**

v.                      Civil No.: 5:11-cv-5267

**SPRINGDALE POLICE DEPARTMENT**                            **DEFENDANT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is Plaintiff's Complaint. (Doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas.

For the following reasons, it is the recommendation of the undersigned that the Complaint (Doc. 1), be **DISMISSED** with prejudice for failure to pay the filing fee or properly apply to proceed *in forma pauperis* ("IFP"), failure to file a proper Complaint, failure to prosecute this action, and failure to obey an Order of the Court[1].

### I.  BACKGROUND

Mr. Evans, Plaintiff herein, submitted his Complaint (Doc. 1), and an Application to Proceed *in forma pauperis* ("IFP"). (Id.; see also Doc. 3). The IFP Application was unsigned and incomplete and the Complaint named as a Defendant a building, rather than an

---

[1] Because there is not a proper IFP application before the Court, the undersigned will not address any issues regarding the frivolity of the Complaint, or if it fails to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915; although the undersigned has grave reservations as to whether the Complaint (Doc. 1) would withstand Section 1915 review.

entity capable of being sued.  Accordingly, the District Court Clerk was directed to send to Plaintiff a blank IFP application and a blank Section 1983 form.  (Doc. 3).  Plaintiff was to complete these forms and file his completed Section 1983 form as an Amended Complaint on or before December 12, 2011.  (Id.)  Plaintiff has not submitted a completed IFP application, paid the filing fee, nor has he submitted an Amended Complaint.  In fact, Plaintiff has not contacted the Court in any manner to continue to pursue his Complaint in the above-styled case.

## II.  APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison

v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III.     DISCUSSION

Plaintiff was given time to respond to the Court regarding the filing of his Complaint, including the payment of a filing fee or applying for IFP status. (Doc. 3). Plaintiff has failed to file an appropriate application to proceed IFP, has failed to pay the filing fee, and has failed to amend his Complaint as previously ordered by this Court. (See id.)  There has been no returned mail or other indication that Plaintiff has not received the Order directing him to amend his case and file a proper IFP application or pay the filing fee. (See id.)  This case should be dismissed for failure to pay the filing fee or properly apply to proceed *in forma pauperis* ("IFP"), failure to file a proper Complaint, failure to prosecute this action, and failure to obey an Order of the Court.

### IV. CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED** with prejudice.

**The Plaintiff has fourteen (14) days from receipt of this**

**Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **27th day of December 2011.**

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
U.S. MAGISTRATE JUDGE